# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2739

_____

Kuo Ping,                                            *
                                                     *
             Appellant,               *
                                                     *
        v.                            *   Appeal from the United States
                                                     *   District Court for the
Jeffrey S. Raleigh; Joseph M. Brooks;                *   District of Minnesota
Gary Gasele; Angie Buege; Patrick R.                 *
Kine; Joseph P. Van Kampen; Ed                       *        [UNPUBLISHED]
Crosley,                                             *
                                                     *
             Appellees.               *

_____

Submitted:   October 5, 1999

Filed:   January 24, 2000

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

     Kuo Ping, a Federal Witness Security Program (WITSEC) prisoner housed at Sandstone Federal Correctional Institution in Minnesota, appeals the final judgment entered in the District Court[1] for the District of Minnesota, granting summary judgment

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Franklin L.

in favor of defendants in his <u>Bivens</u>[2] action.  For reversal, Ping argues the district court erred in concluding (1) defendants had a legitimate, content-neutral reason for banning play-by-mail games; (2) his claim relating to censorship of a magazine, <u>The Paper Mayhem</u>, was moot; and (3) defendants' method of withholding his mail did not deny him due process.  For the reasons discussed below, we affirm the judgment of the district court.

Upon de novo review, <u>see</u> <u>Johnson v. Outboard Marine Corp.</u>, 172 F.3d 531, 535 (8th Cir. 1999), we conclude summary judgment was proper.  We agree with the district court that the prison's ban on play-by-mail games--which have the potential to allow inmates to communicate in code with outsiders--is reasonably related to legitimate penological interests, namely, the security of WITSEC inmates' locations and identities.  <u>See</u> <u>Turner v. Safley</u>, 482 U.S. 78, 89-91 (1987).  We further agree that rejection of Ping's money order form to purchase a play-by-mail game rule book did not violate his First Amendment rights, because the prison official who rejected it reasonably believed--based on what Ping told him--the rule book could be used to construct the banned games.

As to <u>The Paper Mayhem</u> issue, Ping has not rebutted defendants' evidence that the publication was rejected, mistakenly, only once; thus, even crediting his unsupported argument on appeal that he still has not received the publication and that the matter is therefore not moot, the summary judgment record establishes that defendants do not have a policy of censoring <u>The Paper Mayhem</u>.  <u>Cf.</u> <u>Gardner v. Howard</u>, 109 F.3d 427, 431 (8th Cir. 1997) (isolated incident of inadvertent opening of inmate's incoming legal mail, without evidence of improper motive or resulting

---

Noel, Chief United States Magistrate Judge for the District of Minnesota.

[2]<u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

interference with inmate's right to counsel or access to courts, does not rise to level of constitutional violation).

Finally, we conclude defendants afforded Ping minimal procedural safeguards when they withheld his game-related mail. Ping received verbal and written notice from defendants that play-by-mail games would be banned, and he was able to contest the ban by filing numerous grievances and appeals to parties not involved in the censorship decision. See Procunier v. Martinez, 416 U.S. 396, 417-19 (1974) (procedural safeguards include notice, opportunity to be heard, and opportunity for appeal to prison official who was not involved in original censorship decision), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401 (1989).[3]

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3]Because Ping's claims fail on their merits, we find it unnecessary to address his argument that certain defendants, whom he had sued in their official capacities, are not entitled to immunity from his request for injunctive relief.